UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 17-10143-LTS |
| | ) | |
| MARGARET CONNOLLY, | ) | |
| Defendant. | ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**SOROKIN, D.J.**

WHEREAS, on May 24, 2017, the Acting United States Attorney for the District of Massachusetts filed a three-count Information charging defendant Margaret Connolly (the "Defendant") with Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 2 (Counts One, Two, and Three);

WHEREAS, the Information also contained bank fraud forfeiture allegations, pursuant to 18 U.S.C. § 982(a)(2), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offenses alleged in Counts One through Three of the Information, of any property, constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation;

WHEREAS, the property to be forfeited included, but was not limited to, the following:

    a. $1,377,000 in United States currency, to be entered in the form of a forfeiture money judgment;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially

diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b);

WHEREAS, on June 15, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement that she signed on March 28, 2017

WHEREAS, in Section 8 of the plea agreement, the Defendant agreed to forfeit to the United States, without limitation, $1,377,000 in United States currency;

WHEREAS, the Defendant admitted that such amount was subject to forfeiture on the grounds that it constitutes, or is derived from, proceeds Defendant obtained, directly, or indirectly, as a result of Defendant's offenses;

WHEREAS, the Defendant further agreed to consent to the entry of a forfeiture Money Judgment in the amount of $1,377,000;

WHEREAS, based on the Defendant's admissions in the written plea agreement and her guilty plea on June 15, 2017, the United States has established the requisite nexus between the proceeds the Defendant had obtained, and the offenses for which the Defendant has pled guilty, and the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $1,377,000 in United States currency, pursuant to 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853, this amount represents the proceeds of the Defendant's crimes;

WHEREAS, the United States has filed a Motion for Order of Forfeiture that would

consist of a personal money judgment against the Defendant in the amount of $1,377,000 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $1,377,000 in United States currency, pursuant to 18 U.S.C. § 982.

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853, any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

Date: 8/02/17

LEO T. SOROKIN
United States District Judge